IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20536

_____

JOHN H. SPEER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas
(H-97-CV-3425)

_____

April 12, 2000

Before JOLLY and DENNIS, Circuit Judges, and DAVID D. DOWD,[*]
District Judge.

PER CURIAM:[**]

     This appeal comes to us following the district court's grant

of summary judgment for the appellee, the government, holding that

the appellant, John Speer, was liable under 26 U.S.C. § 6672 for

willfully failing to pay withholding taxes of corporate employees

as they became due despite the availability of unencumbered funds.

After examining the briefs and the  record in this case, it is

clear that a genuine issue of material fact exists regarding when

_____

     [*]District Judge of the Northern District of Ohio, sitting by
designation.

     [**]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and to what extent unencumbered funds were available to Speer to pay the tax liability of Kenton Homes, Inc. Consequently, Speer is entitled to an evidentiary hearing at which time he will be allowed to more fully develop the record in an attempt to show that, at least with respect to some of the tax liability, there was no willful refusal to pay the government--either because he had no unencumbered funds at his disposal, or because he acted reasonably within the meaning of our cases. See <u>Barnett v. Internal Revenue Service</u>, 988 F.2d 1449 (5th Cir. 1993); <u>Turnbull v. United States</u>, 929 F.2d 17 (5th Cir. 1991).

The judgment of the district court is REVERSED, and the case is REMANDED to the district court for further disposition not inconsistent with this opinion.

REVERSED and REMANDED.